UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BENJAMIN N. EARLY,
Plaintiff-Appellant,

v.

THE AEROSPACE CORPORATION;
RONALD K. SABLE; VINCENT C.
BOLES,
Defendants-Appellees.

No. 96-2830

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-548-A)

Submitted: February 10, 1998

Decided: February 26, 1998

Before WIDENER, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Patricia Ann Smith, Alexandria, Virginia, for Appellant. Thomas
Cawley, Kimberly A. Newman, HUNTON & WILLIAMS, Washing-
ton, D.C.; Linda M. Lawson, Patricia A. Ellis, Brian M. Holbrook,
MESERVE, MUMPER & HUGHES, Los Angeles, California, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Benjamin N. Early appeals from the district court's grant of summary judgment in favor of the Defendants in his employment discrimination action alleging racial discrimination and retaliation in violation of Title VII, and wrongful discharge in violation of Virginia public policy. Because we find no reversible error, we affirm.

We review a grant of summary judgment de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). If there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Early first claims that he was subject to different disciplinary standards and eventually terminated on account of his race. To establish a prima facie case for such a claim, Early must show that: (1) he is a member of a class protected by Title VII; (2) the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class; and (3) the disciplinary measures enforced against him were more severe than those enforced against other employees. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). A plaintiff need not present comparatives with precisely the same alleged employment problems. Rather, he need only present problems of "comparable seriousness." See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282 (1976). Although Early alleges that others engaged in similar conduct and possessed similar deficiencies and were not disciplined, he points to no other employee with a cumulative comparable history of employment problems. Accordingly we conclude that this claim fails.*

_____
*Early argues that the above prima facie case was inappropriately applied to his factual situation and asserts that the court should instead have asked: (1) whether he was a member of a protected class; (2) whether he was subject to an adverse employment action; (3) whether he

2

Early next asserts that he was terminated in retaliation for his filing a charge of discrimination with the EEOC. Even if Early established a prima facie case of retaliation in violation of Title VII, we find that he has failed to demonstrate that his employer's legitimate, nondiscriminatory reasons for its actions were pretext for actual retaliatory motives. Accordingly, we find summary judgment was properly granted on both Title VII claims.

Turning to the state wrongful discharge claim, Early argues that his claim arises under the common law of Virginia as espoused in Lockhart v. Commonwealth Education Systems Corp., 439 S.E.2d 328 (Va. 1994), and not under the Virginia Human Rights Act as stated by the district court. In 1995, however, the Act was amended to provide for private causes of action in specifically enumerated circumstances not present in this case. This amendment abrogated common law causes of action for wrongful discharge in violation of public policy. See Doss v. Jamco, Inc., 492 S.E.2d 441, 447 (Va. 1997). Accordingly, we conclude that summary judgment was properly granted.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
was performing his job at a level that met his employer's expectations; and (4) whether his functions were assumed by someone outside the protected class. We find that even if Early could establish this prima facie case, he is unable to demonstrate that his employer's proffered legitimate, nondiscriminatory reasons for the disputed actions are pretext for unlawful race discrimination.

3